IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN J. NAVARRO, | No. C 09-1858 SBA (PR) |
| Plaintiff, | |
| v. | **ORDER SETTING BRIEFING SCHEDULE** |
| CORRECTIONAL OFFICER VINDIOLA, ET AL., | |
| Defendants. | |

_____/

## INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the California State Prison - Corcoran, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials at Salinas Valley State Prison (SVSP) were deliberately indifferent towards a serious threat to Plaintiff's physical safety which he was housed at SVSP.  In his complaint, Plaintiff names SVSP Correctional Officers Vindiola and Rodriguez.  Plaintiff seeks declaratory relief and monetary damages.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district.  See 28 U.S.C. § 1391(b).

Because Plaintiff has paid the full filing fee, summons for all the named Defendants were issued by the Clerk of the Court and sent to Plaintiff to serve.

Defendants Vindiola and Rodriguez, who are represented by the State Attorney General's Office, have filed a waiver of their right to reply to the complaint as well as a demand for a jury trial.

The Court now reviews the claims in Plaintiff's complaint under 28 U.S.C. § 1915A.

## DISCUSSION

### I.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1   are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

2   relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings

3   must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

4        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

5   (1) that a right secured by the Constitution or laws of the United States was violated, and

6   (2) that the alleged violation was committed by a person acting under the color of state law.  West v.

7   Atkins, 487 U.S. 42, 48 (1988).

8   **II.    Deliberate Indifference Claim**

9        The Eighth Amendment requires that prison officials take reasonable measures to guarantee

10  the safety of prisoners.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In particular, prison

11  officials have a duty to protect prisoners from violence at the hands of other prisoners.  See id. at

12  833; Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642

13  & n.3 (9th Cir. 1980).  However, a prison official violates the Eighth Amendment only when two

14  requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the

15  prison official is, subjectively, deliberately indifferent to inmate safety.  See Farmer, 511 U.S. at

16  834.  Deliberate indifference occurs when an official knows of and disregards an excessive risk to

17  inmate health or safety.  Id. at 837.  The official must both be aware of facts from which the

18  inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

19  inference.  See id.  Neither negligence nor gross negligence are sufficient to constitute deliberate

20  indifference.  Id. at 835-36, n.4; see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) (establishing

21  that deliberate indifference requires more than negligence).

22       Plaintiff alleges that on May 18, 2008, Defendants acted with deliberate indifference to his

23  physical safety by housing him in a "confined 'yard cell'" along with inmate Lopez, a rival gang

24  member.  (Compl. at 3.)  Plaintiff alleges that "[d]ue to their known and documented sworn enemy

25  status, Plaintiff and inmate Lopez engaged in mutual combat."  (Id.)  Plaintiff claims that

26  Defendants acted with deliberate indifference by ignoring his repeated requests to be housed with a

27  "correct and compatible inmate."  (Id. at 5.)  Furthermore, Plaintiff claims that Defendants "knew,

28  ignored, or failed to assess the serious and documented risks associated with housing two rival

**United States District Court**
For the Northern District of California

1   inmates in a common caged area in contravention of well-established CDCR policies and

2   procedures which understandably prohibit contact amongst inmates who are documents as

3   incompatible." (Id. at 3.)  As result of the "mutual combat" involving inmate Lopez, Plaintiff claims

4   he suffered physical injuries, including broken ribs, lacerations and abrasions.  (Id.)

5          Liberally construing the complaint, Plaintiff has stated a cognizable claim against

6   Defendants Vindiola and Rodriguez for deliberate indifference to his safety.  Plaintiff, however, is

7   cautioned that in order to prevail on his claim he must demonstrate that Defendants Vindiola and

8   Rodriguez did more than just carelessly fail to follow procedures; Plaintiff must demonstrate that

9   they consciously realized that he faced a serious security risk if he was housed under those

10  conditions, but that they still housed him under those conditions nonetheless.  Only then would

11  Defendants Vindiola and Rodriguez be liable for an Eighth Amendment violation.

12         Plaintiff also claims that Defendants' actions of being deliberately indifferent to his safety

13  needs violated the Fourteenth Amendment; however, only pretrial detainees are protected from

14  punishment without due process under the Due Process Clause of the Fourteenth Amendment.  See

15  United States v. Salerno, 481 U.S. 739, 746-47 (1987).  Here, Plaintiff claims the alleged violation

16  took place at SVSP.  Thus, as mentioned above, it is the Eighth Amendment requires that prison

17  officials, such as Defendants Vindiola and Rodriguez, take reasonable measures to guarantee the

18  safety of prisoners, such as Plaintiff.  See Farmer, 511 U.S. at 832.  Accordingly, Plaintiff's

19  Fourteenth Amendment claim is DISMISSED.

20                                          **CONCLUSION**

21         For the foregoing reasons, the Court orders as follows:

22         1.    Plaintiff states a cognizable Eighth Amendment claim against Defendants Vindiola

23  and Rodriguez for acting with deliberate indifference toward a serious threat to Plaintiff's physical

24  safety.

25         2.    Plaintiff's Fourteenth Amendment claim is DISMISSED.

26

27

28

United States District Court
For the Northern District of California

3.      The following briefing schedule shall govern dispositive motions in this action:

a.      No later than **sixty (60) days** from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **forty-five (45) days** after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and

United States District Court
For the Northern District of California

1    other witnesses to the incident, and copies of documents authenticated by sworn declaration.

2    Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his

3    complaint.

4         c. If Defendants wish to file a reply brief, Defendants shall do so no later than

5    **fifteen (15) days** after the date Plaintiff's opposition is filed.

6         d. The motion shall be deemed submitted as of the date the reply brief is due. No

7    hearing will be held on the motion unless the Court so orders at a later date.

8       4.      Discovery may be taken in this action in accordance with the Federal Rules of Civil

9    Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose

10    Plaintiff and any other necessary witnesses confined in prison.

11       5.      All communications by Plaintiff with the Court must be served on Defendants'

12    counsel, by mailing a true copy of the document to Defendants' counsel.

13       6.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

14    informed of any change of address and must comply with the Court's orders in a timely fashion.

15       7.      Extensions of time are not favored, though reasonable extensions will be granted.

16    Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the

17    deadline sought to be extended.

18       IT IS SO ORDERED.

19    DATED:_5/3/10

                                        *Saundra B Armstrong*

20                                  SAUNDRA BROWN ARMSTRONG
                                    United States District Judge

21

22

23

24

25

26

27

28

United States District Court
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOHN J. NAVARRO,

               Plaintiff,

   v.

CORRECTIONAL OFFICER VINDIOLA
(SVSP), ET AL et al,

               Defendant.

                                   /

Case Number: CV09-01858 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 5, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John J. Navarro T-75240
California State Prison - Corcoran
P.O. Box 3476
Corcoran, CA 93212-3476

Dated: May 5, 2010

                             Richard W. Wieking, Clerk
                             By: LISA R CLARK, Deputy Clerk

United States District Court
For the Northern District of California